UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RWAYNE JOHNSON, Plaintiff,

v. Civil Action No. 3:15-cv-P660-DJH

CYNTHIA BLANCH *et al*., Defendants.

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff filed a *pro se* action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (DN 1). There being deficiencies with the filing of the action, the Clerk of Court sent Plaintiff a Notice of Deficiency (DN 3). Plaintiff responded to the Notice but not fully.

There was still a remaining deficiency with the filing fee for this action. Plaintiff had filed an application to proceed without prepayment of fees, but the financial document submitted by Plaintiff in support thereof (DN 6) did not appear to be a prison trust account statement, and it was not certified by the appropriate prison authority as required by 28 U.S.C. § 1915(a)(2). Thus, the Court entered an Order directing Plaintiff to submit a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of the complaint (DN 7). The Order gave Plaintiff 30 days from its entry to submit the appropriate certified copy of his prison trust account statement. Further, the Order warned Plaintiff that his failure to comply would result in denial of his application to proceed without prepayment of fees and might result in dismissal of this action.

The time for Plaintiff to submit the appropriate prison trust account statement expired without Plaintiff complying with the Court's Order or otherwise responding. Thus, the Court entered an Order (DN 8) denying Plaintiff's application to proceed without prepayment of fees. The Order gave Plaintiff 30 days from entry of the Order to pay the $400.00 fee for filing this action and warned Plaintiff that failure to comply with the Order would result in dismissal of this action. Over 30 days have passed since the entry of that Order, and Plaintiff has not paid the filing fee for this action or otherwise responded to the Order.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with a straightforward Order of this Court (DN 8) or take any action in response to the Court's Order, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss this action by separate Order.

Date: January 12, 2016

                                           **David J. Hale, Judge**
                                      **United States District Court**

cc: Plaintiff, *pro se*
4415.003